**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UBICOMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>BOOT BARN INC.,<br>        Defendant. | Civil Action No. 1:13-cv-0870-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>BPS DIRECT LLC,<br>        Defendant. | Civil Action No. 1:13-cv-0871-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CROCS INC.,<br>        Defendant. | Civil Action No. 1:13-cv-0873-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>GUITAR CENTER INC.,<br>        Defendant. | Civil Action No. 1:13-cv-0877-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>HAYNEEDLE INC.,<br>        Defendant. | Civil Action No. 1:13-cv-0878-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>KARMALOOP INC.,<br>        Defendant. | Civil Action No. 1:13-cv-0879-RGA<br>JURY TRIAL DEMANDED |

| | |
|---|---|
| UBICOMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MODUSLINK RECOVERY LLC,<br>        Defendant. | Civil Action No. 1:13-cv-0880-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MUSIC123 INC.,<br>        Defendant. | Civil Action No. 1:13-cv-0881-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>NEIMAN MARCUS GROUP INC.,<br>        Defendant. | Civil Action No. 1:13-cv-0882-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>SHEET MUSIC PLUS LLC,<br>        Defendant. | Civil Action No. 1:13-cv-0884-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TORY BURCH LLC,<br>        Defendant. | Civil Action No. 1:13-cv-0887-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>WINE.COM INC.,<br>        Defendant. | Civil Action No. 1:13-cv-0888-RGA<br>JURY TRIAL DEMANDED |

| | |
|---|---|
| UBICOMM, LLC,<br>　　　　　　Plaintiff,<br><br>v.<br><br>ZALE CORPORATION,<br>　　　　　　Defendant. | Civil Action No. 1:13-cv-0889-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br>　　　　　　Plaintiff,<br><br>v.<br><br>ART.COM,<br>　　　　　　Defendant. | Civil Action No. 1:13-cv-1018-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br>　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT E. AXELROD ASSOCIATES INC.,<br>　　　　　　Defendant. | Civil Action No. 1:13-cv-1021-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br>　　　　　　Plaintiff,<br><br>v.<br><br>URBAN OUTFITTERS INC.,<br>　　　　　　Defendant. | Civil Action No. 1:13-cv-1025-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br>　　　　　　Plaintiff,<br><br>v.<br><br>VICTORIA'S SECRET STORES LLC,<br>　　　　　　Defendant. | Civil Action No. 1:13-cv-1027-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br>　　　　　　Plaintiff,<br><br>v.<br><br>VITACOST.COM INC.,<br>　　　　　　Defendant. | Civil Action No. 1:13-cv-1028-RGA<br>JURY TRIAL DEMANDED |

| | |
|---|---|
| UBICOMM, LLC,<br>　　　　　　Plaintiff,<br><br>v.<br><br>AVENTURA HQ INC.,<br>　　　　　　Defendant. | Civil Action No. 1:13-cv-1159-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br>　　　　　　Plaintiff,<br><br>v.<br><br>CERNER CORPORATION,<br>　　　　　　Defendant. | Civil Action No. 1:13-cv-1160-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br>　　　　　　Plaintiff,<br><br>v.<br><br>DELL INC.,<br>　　　　　　Defendant. | Civil Action No. 1:13-cv-1161-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br>　　　　　　Plaintiff,<br><br>v.<br><br>HEALTHCAST INC.,<br>　　　　　　Defendant. | Civil Action No. 1:13-cv-1162-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br>　　　　　　Plaintiff,<br><br>v.<br><br>NOTABLE SOLUTIONS INC.,<br>　　　　　　Defendant. | Civil Action No. 1:13-cv-1165-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br>　　　　　　Plaintiff,<br><br>v.<br><br>NUANCE COMMUNICATIONS INC., et. al.<br>　　　　　　Defendants. | Civil Action No. 1:13-cv-1166-RGA<br>JURY TRIAL DEMANDED |

| | |
|---|---|
| UBICOMM, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>PRINT AUDIT, et. al.<br>                    Defendants. | Civil Action No. 1:13-cv-1168-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>VMWARE INC.<br>                    Defendants. | Civil Action No. 1:13-cv-1169-RGA<br>JURY TRIAL DEMANDED |
| UBICOMM, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>CHRISTOPHER & BANKS INC.<br>                    Defendants. | Civil Action No. 1:13-cv-1855-RGA<br>JURY TRIAL DEMANDED |

**<u>PLAINTIFF UBICOMM, LLC'S MOTION TO STAY</u>**

**TABLE OF CONTENTS**

**Contents**                                                                                                    **Page**

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..................................... 1

II.     LEGAL STANDARD............................................................................................................ 2

III.    ARGUMENT......................................................................................................................... 2

IV.     CONCLUSION..................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*,
  402 U.S. 313 (1971)...........................................................................................................3, 4

*Denstply Int'l, Inc. v. Kerr Mfg. Co.*,
  734 F. Supp. 656 (D. Del 1990)............................................................................................2

*Enhanced Sec. Research, LLC v. Cisco Sys., Inc*.,
  2010 WL 2573925 .............................................................................................................2, 5

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)................................................................................................................2

*Mendenhall v. Astec Industries, Inc.*,
  26 F.3d 1573 (Fed. Cir. 1994)................................................................................................3

*Pragmatus Telecom LLC v. Advanced Store Company Inc.*,
  2012 WL 2803695 (D. Del. July 10, 2012) ...........................................................................4

*St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*,
  2003 WL 25283239 (D. Del. Jan. 30, 2003)..........................................................................2

*UbiComm, LLC v. HealthCast Inc.*,
  C.A. No. 1:13-cv-1162-RGA .................................................................................................2

*UbiComm, LLC v. Nuance Commc'ns Inc.*,
  C.A. No. 1:13-cv-1166-RGA.................................................................................................2

*UbiComm, LLC v. OpenSky Project, Inc.*,
  C.A. No. 1:13-cv-1020-RGA.................................................................................................1

*UbiComm, LLC v. Zappos IP, Inc.*,
  C.A. No. 1:13-cv-1029-RGA.................................................................................................1

*UbiComm v. Pharos Systems International Inc.*,
  C.A. No. 1:13-cv-1167-RGA.................................................................................................1

*UbiComm v. TABcom*,
  C.A. No. 1:13-cv-1023-RGA.................................................................................................1

**Statutes**

35 U.S.C. § 101.......................................................................................................................1

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The present litigation is one of thirty cases currently pending in this Court that involve a single plaintiff, UbiComm, LLC ("UbiComm") and a single patent, U.S. Patent No. 5,603,054 (the "'054 Patent"). UbiComm is the owner of all right, title and interest in the '054 Patent entitled "Method for Triggering Selected Machine Event When The Triggering Conditions Of An Identified User Are Perceived." On November 13, 2013, this Court issued a Memorandum Opinion in *UbiComm, LLC v. Zappos IP, Inc.*, C.A. No. 13-cv-1029, holding that the '054 Patent was directed to patent ineligible subject matter and was therefore invalid under 35 U.S.C. § 101. (D.I. 20). This Court then granted Zappos IP, Inc.'s motion to dismiss the same day (*see* D.I. 21) and subsequently granted the motions to dismiss of 9 other defendants on November 15, 2013. (*See* C.A. Nos. 1:13-cv-869; 1:13-cv-872; 1:13-cv-874; 1:13-cv-876; 1:13-cv-1019; 1:13-cv-1020; 1:13-cv-1022; 1:13-cv-1024; 1:13-cv-1026).

UbiComm filed a notice of appeal to the Court of Appeals for the Federal Circuit of this Court's decision in nine of the ten cases on November 15, 2013.[1] Currently, twenty-one cases remain pending in this Court where the only patent at issue in the litigation is the '054 Patent (the "Shopping Cart Cases"). There are an additional nine cases where the '054 Patent has been asserted along with two related patents, US. Patent Nos. 5,555,376 and 5,611,050 (the "Printer Cases"). A list of case names, docket numbers, and whether a full or partial stay is requested is provided for the Court's convenience in Appendix A.[2] None of these cases have had a scheduling conference yet and no discovery has been taken. In fact, motions to dismiss remain

---

[1]     UbiComm intends to file a Motion for Clarification of the Court's Order dismissing the case in *UbiComm, LLC v. OpenSky Project, Inc.*, C.A. No. 1:13-cv-1020-RGA (D.I. 17).

[2]     UbiComm is not asking for a stay in the following cases because they are currently stayed. *UbiComm v. TABcom*, C.A. No. 1:13-cv-1023-RGA and *UbiComm v. Pharos Systems International Inc.*, C.A. No. 1:13-cv-1167-RGA.

pending before this Court in several Printer Cases.  (*See* D.I. 9-14 in *UbiComm, LLC v. HealthCast Inc.*, C.A. No. 1:13-cv-1162-RGA and D.I. 12-16 in *UbiComm, LLC v. Nuance Commc'ns Inc.*, C.A. No. 1:13-cv-1166-RGA)．   In light of UbiComm's appeal of this Court's invalidity ruling of the '054 Patent, UbiComm respectfully moves this Court to fully stay the Shopping Cart Cases pending resolution of the appeal and to partially stay the Printer Cases only as they relate to the '054 Patent.

## II.    LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Denstply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del 1990).  Three general factors assist the court to determine whether a stay is warranted:

> 1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; 2) whether a stay will simplify the issues for trial; and 3) whether discovery is complete and a trial date set.

*Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, Civ. No. 09-571, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) (citing *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, Civ. No. 01-557, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003)).

## III.    ARGUMENT

All cases where the '054 Patent is asserted should be stayed or partially stayed pending UbiComm's appeal to the Federal Circuit.  A stay is clearly warranted in this situation because all three factors support the imposition of a stay.

First, a stay would not cause any Defendant to suffer undue prejudice nor would it give UbiComm a tactical advantage.  The Shopping Cart defendants would not be prejudiced because they would be spared the expense of proceeding through litigation or motion practice to the stage where each case is dismissed, likely on the same grounds as are currently on appeal, and then UbiComm would subsequently file an appeal in each dismissed case.  The Shopping Cart defendants would also be spared the expense of preparing, filing and arguing an appeal to the Federal Circuit that is redundant to one currently pending.  Further, should the Federal Circuit affirm this Court's invalidity holding, this decision will be considered res judicata as to the Shopping Cart defendants under the doctrine set forth in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971) and as adopted by the Federal Circuit in *Mendenhall v. Astec Industries, Inc.*, 26 F.3d 1573, 1576 (Fed. Cir. 1994).  Should the Federal Circuit affirm this Court's invalidity ruling of the '054 Patent, then the Shopping Cart defendants will be spared the expense and time of proceeding any further in the litigation.  Likewise, the Printer Defendants would be spared the expense of litigating the '054 Patent in those cases.

Second, a stay will simplify the issues for trial.  The same patent is at issue in all of these cases.  In the Shopping Cart Cases, it is the only patent at issue.  Should the Federal Circuit affirm this Court's invalidity ruling, then there will likely be not trials at all in the Shopping Cart Cases.  A stay would simplify the Printer Cases as well by narrowing the issues in the case to only two patents, instead of three.  On the other hand, should the Federal Circuit reverse this Court's invalidity ruling on appeal, all cases will have the benefit of the Federal Circuit's guidance on patent -eligibility and likely claim construction issues.  These issues would not need to be litigated at trial.

This Court previously granted a stay in *Pragmatus Telecom LLC v. Advanced Store Company Inc.*, on the basis that allowing a related case to proceed would simplify the issues for trial because a possible invalidity ruling would "resolve all the cases," citing the Supreme Court's decision in *Blonder-Tongue*.  2012 WL 2803695 at *2 (D. Del. July 10, 2012).

Last, the fact that this case is at a very early stage weighs in favor of a stay.  None of these cases have even had a schedule set or a scheduling conference set on the calendar.  No discovery has been taken, no expert reports have been served, no motions for summary judgment have been filed and there is no trial date that has to be delayed.  In contrast, in the *Pragmatus* case where the Court granted a stay, a Rule 16 Scheduling conference had already taken place and a trial date was set.   2012 WL 2803695 at *2 (D. Del. July 10, 2012).  Therefore this Court should stay the Shopping Cart Cases and partially stay the Printer Cases pending a decision from the Federal Circuit on the validity of the '054 Patent.

## IV.    CONCLUSION

UbiComm respectfully requests this Court stay the present case pending UbiComm's appeal of this Court's invalidity ruling.

Dated: November 20, 2013

STAMOULIS & WEINBLATT LLC

Stamatios Stamoulis (DE Bar No. 4606)
stamoulis@swdelaw.com
Richard C. Weinblatt (DE Bar No. 5080)
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540

OF COUNSEL:

FARNEY DANIELS PC
Steven R. Daniels (*pro hac vice*)
800 S. Austin Ave., Suite 200
Georgetown, TX 78626
(512) 582-2828
sdaniels@farneydaniels.com

FARNEY DANIELS PC

*/s/ Darlene Ghavimi*
Darlene Ghavimi (DE Bar No. 5173)
1220 N. Market St., Suite 850
Wilmington, DE 19806
(512) 582-2828
dghavimi@farneydaniels.com

*Attorneys for Plaintiff UbiComm, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served on November 20, 2013 with a copy of this document via the Court's CM/ECF system.

*/s/ Darlene Ghavimi*
Darlene Ghavimi